IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GERMAN WILLIAMS, JEAN DAMY, AND TYSHAWN SWEET FOR AND ON BEHALF OF THEMSELVES AND OTHER PERSONS SIMILARLY SITUATED,**<br><br>**Plaintiffs,**<br><br>vs.`<br><br>**COCA-COLA BOTTLING COMPANY UNITED, INC.,**<br><br>**Defendant.** | Civil Action File No.:<br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR COLLECTIVE ACTION AND DAMAGES

COME NOW Plaintiffs German Williams, Jean Damy, and Tyshawn Sweet, for and on behalf of themselves and other similarly situated persons (collectively, "Plaintiffs") in their complaint against Defendant Coca-Cola Bottling Company United, Inc. (hereinafter "Defendant") and show the Court as follows:

## THE PARTIES AND JURISDICTION AND VENUE

1.

This is an action arising out of the Fair Labor Standards Act 29 U.S.C. §§ 201-216. Plaintiffs are all employed by Defendant, who was the FLSA employer of Plaintiffs for the relevant period of time. Plaintiffs served in the capacity of

1

merchandisers for Defendant. Plaintiffs were not paid the full amount of overtime required by the FLSA. Plaintiffs bring this action to recover from Defendant unpaid overtime compensation, liquidated damages, attorney's fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b), (the "Act" or "the FLSA").

2.

Plaintiffs bring these FLSA claims as an "opt-in" collective action pursuant to 29 U.S.C. 216(b), and seek relief on a collective basis challenging, among other things, Defendant's failure to pay overtime and failing to pay employees full compensation for all hours worked. The collective action claims are for overtime compensation, liquidated damages, interest, and attorneys' fees and costs. Plaintiffs hereby consent to be a part of this action and named parties in the collective action.

3.

The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action are similarly situated because they are non-union employees in the southeast who have been or are employed in positions similar to those of the individually named Plaintiffs and were subject to the same or similar unlawful practices as the individually named Plaintiffs. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendant, and potential Plaintiffs may easily and quickly be

notified of the pendency of this action. Everyone in the collective action was or is a merchandiser or similar position working in the Southeast United States and subject to the same uniform company policy refusing to pay time and one half for hours worked in excess of forty in a week. There are at least seventy-five (75) eligible merchandisers (or similar positions) who were subject to this uniform company policy in the last three (3) years from the date of the filing of this Complaint and many of them would be interested in joining this lawsuit.

4.

At all times relevant hereto, Defendant was and is an Alabama corporation doing business in this judicial district and throughout the Southeast United States. Its principal place of business at 4600 East Lake Blvd., Birmingham, Alabama 35217. Defendant is subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

5.

Defendant is a covered employer and subject to the FLSA because Defendant is an enterprise primarily engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203(s)(1)(A). Defendant is the third largest bottler of Coca-Cola products in the United States and maintains forty-eight sales and distribution centers and eight production facilities throughout the southeastern

United States. *See* https://cocacolaunited.com/about-us/.  Specifically, Defendant's business is involved in the production, marketing, sales, and distribution of Coca-Cola brand products. *See* https://cocacolaunited.com/.

6.

Plaintiffs are individually covered under the FLSA because Plaintiffs' work constitutes an engagement in interstate commerce, or the production of goods for interstate commerce or foreign commerce, including any closely related process or occupation directly essential to such production. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendant affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendant engaged in interstate commerce for the relevant time period because Defendant operates in numerous states and/or Plaintiffs' employment utilized telephone, facsimile machine, the U.S. mail, or a computer e-mail system to communicate with persons in another state and/or utilized the materials that are transported through interstate commerce prior to and/or subsequent to Plaintiffs' work with same. The Plaintiffs' work for the Defendant was actually in and/or so closely related to the movement of commerce while they worked for the Defendant that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendant.

7.

This Court has original jurisdiction based upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §§ 1331 and 1337. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) because the Defendant does business in this district and substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

8.

While employed as merchandisers for Defendant, Plaintiffs consistently and only were scheduled to work and/or required to work in excess of forty (40) hours every single week. Plaintiffs were not paid full overtime wages for any of those weeks.

9.

If Defendant paid Plaintiff overtime, said overtime was improperly calculated using the "fluctuating workweek method." The fluctuating workweek method was not proper with this group of employees, and Defendant's use of same led it to erroneously calculate Plaintiffs' overtime rate as one-half Plaintiffs regular rate, instead of one and one-half of Plaintiffs' regular rate.

10.

Defendant improperly utilized the fluctuating workweek method of calculation for the following reasons:

1. *Employee Offer Letter*

11.

One or more Plaintiffs were provided an Offer Letter which described the Plaintiffs' daily and yearly rates of pay and informed them that they would be "eligible for extended overtime" hours.

12.

The Offer Letter did not describe the method with which overtime would be calculated or that Plaintiffs' daily rate was fixed for whatever number of hours they were called upon to work on a given day.

13.

Defendant and the Plaintiffs did not have a clear mutual understanding that the Plaintiffs would be paid a fixed amount as straight time pay for whatever hours they were called upon to work in a workweek, whether few or many, because the Offer Letter simply stated that Plaintiffs would be eligible for extended overtime. 29 C.F.R. § 778.114(a)(4).

2. *Lack of Fluctuating Schedule*

14.

Defendant improperly calculated some or all Plaintiffs overtime under the fluctuating workweek method because the Plaintiffs did not have a fluctuating schedule that included workweeks of less than 40 hours and otherwise did not comply with federal regulations and precedent. *See e.g.*, 29 C.F.R. § 778.114.

## COUNT ONE: FLSA VIOLATIONS

15.

Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

16.

Defendant's policies as stated above have caused Plaintiffs to be deprived of wages due them.

17.

Payment for all hours worked in overtime workweek is required by federal law including but not limited to by 29 CFR § 778.315.

18.

Plaintiffs and other similarly situated employees who work more than forty (40) hours per week are entitled to overtime compensation for those hours worked in excess of forty (40) hours. 29 C.F.R. § 778.101. When Plaintiffs worked more

than forty (40) hours during a week, Defendant did not compensate Plaintiffs at a rate of one and one half-times the regular rate at which Plaintiffs were actually employed for the first forty (40) hours. 29 C.F.R. § 778.107.

19.

Defendant improperly calculated any overtime that was paid to Plaintiffs pursuant to the fluctuating workweek method, because all of the legal prerequisites for use of the 'fluctuating workweek' method of overtime payment are not present.

20.

29 C.F.R. § 778.114(a) sets out five prerequisites for application of the flexible workweek method: (1) employee has work which fluctuates from week to week; (2) he receives a fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many; (3) a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek; (4) the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate; and (5) he receives extra compensation for all overtime hours worked at a rate not less than one-half his regular rate of pay.

21.

The plain terms of 29 C.F.R. § 778.114(c) provide that unless "all the legal prerequisites" for applying the flexible workweek method are present, an employer

cannot avail itself of the flexible workweek method for calculating overtime wages.

22.

Since the fluctuating workweek method cannot apply, the "statutory" method of multiplying the employee's regular hourly rate by one and one-half and then by the number of hours worked over forty (40) in each workweek is the applicable overtime pay computation method.

23.

Defendant's policies as stated above constitute a violation of the FLSA, requiring payment for all hours worked and requiring time and one-half rate to be paid for all overtime hours worked and the regulations promulgated thereunder by the Department of Labor, 29 C.F.R. § 778.

24.

Under 29 U.S.C. 216(b), Defendant is liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that this Court grant the following relief:

    a.    A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b. An award of Plaintiffs' past due wages, together with interest thereon;

c. That the Court award Plaintiffs liquidated damages, together with interest thereon;

d. That this Court issue a permanent injunction against Defendant, prohibiting Defendant from further acting in violation of the FLSA;

e. That this Court award Plaintiffs reasonable attorneys' fees and expenses of litigation;

f. That additional similarly situated former employees of Defendant be permitted to join this suit by appropriate opt-in;

g. Authorization to issue notice pursuant to 29 U.S.C. § 216(b) at the earliest possible time to all current and former employees during the three (3) years immediately preceding the filing of this action, informing them that this action has been filed, of the nature of the action, and of the right to opt into this lawsuit if they worked hours in excess of forty (40) in workweek and had a break that was not taken deducted from the number of hours worked.

h. Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

This 3rd day of October, 2025.

Respectfully submitted,

By:   /s/ Douglas R. Kertscher
      Douglas R. Kertscher
      Georgia State Bar No. 416265
      Julie H. Burke
      Georgia State Bar No. 448095
      3625 Cumberland Blvd., SE, Ste. 1050
      Atlanta, GA 30339-6406
      Telephone: 770-953-0995
      E-mail: drk@hkw-law.com
              jb@hkw-law.com


By:   /s/ Jennifer Ivey Range
      Jennifer Ivey Range
      Georgia State Bar No. 271098
      Brooks Law Partners, LLC
      4036 Wetherburn Way
      Peachtree Corners, GA 30092
      Telephone: (678) 813-2202 Office
      Email: jir@brookslawpartners.com

11